**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID TOM,

Plaintiff,

v.

PREMIUM MERCHANT FUNDING ONE, LLC,

Defendant.

Civil Action No.: 6:26-cv-01457

# DEFENDANT'S NOTICE OF REMOVAL

Defendant Premium Merchant Funding One, LLC ("Defendant"), by and through its undersigned counsel, hereby removes to this Court the above-captioned civil action currently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 05-2026-CA-031648-XXCA-BC. Removal is made pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and in support thereof Defendant states as follows:

## I. THE STATE COURT ACTION

1. On or about May 20, 2026, Plaintiff David Tom ("Plaintiff") filed a

Complaint in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, styled *David Tom v. Premium Merchant Funding One, LLC*, assigned Case No. 05-2026-CA-031648-XXCA-BC (the "State Court Action"). This is the second lawsuit filed by this same Plaintiff against Defendant arising from alleged telephone calls and text messages regulated under the Telephone Consumer Protection Act.

2. In the Complaint, Plaintiff asserts claims against Defendant under (a) breach of a settlement agreement (Count I); (b) the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), specifically 47 U.S.C. § 227(c)(5) (Count II); (c) the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA") (Count III); and (d) a prayer for injunctive relief under both the TCPA and FTSA (Count IV). Plaintiff seeks damages in excess of $50,000.

3. Defendant was served with the Summons and Complaint on or about June 4, 2026 ("Service Date"). A true and correct copy of the Summons and Complaint served upon Defendant is attached hereto as **Exhibit A**.

4. A true and correct copy of the docket from the State Court Action is attached hereto as **Exhibit B**.

5. Pursuant to 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 81(c), copies of all state court process and pleadings are attached to this Notice of

Removal as **Exhibit C**.

## II. GROUND FOR REMOVAL: THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which vests federal district courts with jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

7. Plaintiff's Complaint arises under federal law, specifically, the TCPA, 47 U.S.C. § 227 et seq, a federal statute enacted by Congress and codified in Title 47 of the United States Code. The Complaint expressly invokes 47 U.S.C. § 227(c)(5) as the basis for Plaintiff's federal claims. *See* Compl. ¶¶ 1, 5, 7 (Count II).

8. The United States Supreme Court has confirmed that federal district courts have federal question jurisdiction over private TCPA suits brought by consumers. Mims *v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) ("We hold that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."). This action is therefore properly removable to federal court.

9. Removal of this action to this Court is proper under 28 U.S.C. § 1441(a), which authorizes removal of any civil action of which the district courts

of the United States have original jurisdiction. This Court's jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331 because the Complaint presents a federal question on its face, namely, alleged violations of a federal statute, the TCPA.

10. In addition to the federal TCPA claims, Plaintiff asserts claims for breach of contract (Count I), violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (Count III), and injunctive relief (Count IV). *See* Compl. ¶¶ 2, 5, 8.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides that federal district courts shall have supplemental jurisdiction over all claims that are part of the same case or controversy under Article III of the United States Constitution as the claims over which the court has original jurisdiction.

12. Plaintiff's state law claims and his TCPA claims arise from the same nucleus of operative facts. The same alleged telephone call on April 21, 2026 and text messages on April 22, May 6, and May 12, 2026 form the basis of all claims—the breach of contract claim, the FTSA claim, and the prayer for injunctive relief all arise from the same alleged telephone communications and the same course of conduct. The state and federal claims are therefore part of the same case or

controversy within the meaning of 28 U.S.C. § 1367(a), and this Court may properly exercise supplemental jurisdiction over the state law claims.

13. No basis exists to decline supplemental jurisdiction under 28 U.S.C. § 1367(c). The state law claims do not raise a novel or complex issue of Florida law that would predominate over the federal questions, nor do any other exceptional circumstances warrant declining supplemental jurisdiction.

## III. VENUE IS PROPER IN THE ORLANDO DIVISION

14. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1441(a), which provides that a removed action shall be brought in the district court of the United States for the district and division embracing the place where the state court action is pending.

15. The State Court Action is pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida. Brevard County is located within the Middle District of Florida and within the Orlando Division of that district, pursuant to 28 U.S.C. § 89(b) and Middle District of Florida Local Rule 1.04(b). The Orlando Division is therefore the proper division for removal.

## IV. REMOVAL IS TIMELY

16. This Notice of Removal is timely filed within thirty (30) days of

service of the Complaint upon Defendant, as required by 28 U.S.C. § 1446(b)(1). Defendant was served with the Summons and Complaint on or about June 4, 2026. This Notice of Removal is filed on July 6, 2026, which is within thirty (30) days of that service date.

## V. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Composite Exhibit A.

18. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal with this Court, Defendant will file a copy of this Notice with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, in the State Court Action, thereby effecting the stay of all further state court proceedings. A true and correct copy of the Notice of Filing the Notice of Removal in the State Court Action is attached hereto as **Exhibit D**.

19. Defendant is the only named defendant in this action. Consent of all defendants to removal is therefore not required beyond Defendant's own filing of this Notice. *See* 28 U.S.C. § 1446(b)(2)(A).

20. Defendant will file a Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 and Middle District of Florida Local Rule 3.03 within fourteen (14)

days of the filing of this Notice, as required.

21. By removing this action, Defendant does not waive any defenses, objections, or motions available under federal or state law, including but not limited to the right to challenge the legal sufficiency of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and all affirmative defenses previously identified. All such rights are expressly reserved.

22. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and present oral argument in support of their position that this case has been properly removed. *See Sierminski v. Transouth Fin. Corp*., 216 F.3d 945, 949 (11th Cir. 2000).

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446, this Court has jurisdiction over this matter, and Defendant Premium Merchant Funding One, LLC, hereby removes this action from the Eighteenth Judicial Circuit Court, Brevard County, State of Florida, to this Court.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Jenny N. Perkins*

Jenny N. Perkins
(Florida Bar 77570)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 864-8378
(215) 864-8999
perkinsj@ballardspahr.com

*Attorneys for Defendant,*
*Premium Merchant*
*Funding One, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2026, the foregoing Notice of Removal has been served on the following counsel of record via ECF notification, email, and First Class Mail:

Joe M. Mitchell, III,
The Mitchell Law Firm, P.A.,
134 5th Avenue, Suite 103,
Indialantic, FL 32903,
joe@tmlf.law
eservice@tmlf.law

*Attorney for Plaintiff*

By: *<u>/s/ Jenny N. Perkins</u>*
Jenny N. Perkins