# EXHIBIT A

**IN THE CIRCUIT COURT OF THE 18th JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA**

**CASE NO.: 05-2026-CA-031648-XXCA-BC**

**DAVID TOM,**

**Plaintiff,**

**v.**

**PREMIUM MERCHANT FUNDING ONE, LLC,**

**Defendant.**

______________________________________/

6-4-26 @ 11:55 A
Server B. Beausoleil
Pinellas County, Florida
APS-59428
BB

## CIVIL ACTION SUMMONS

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition and Civil Case Management Track Designation Form in this action on Defendant:

**PREMIUM MERCHANT FUNDING ONE, LLC**
**SERVING REGISTERED AGENT: Northwest Registered Agent LLC**
**7901 4th Street North, Suite 300**
**St. Petersburg, FL 33702**

Each Defendant is required to serve written defenses to the Complaint or Petition on

Joe M. Mitchell, III,
THE MITCHELL LAW FIRM, P.A.
Fla. Bar No.: 0047491
134 5th Avenue, Suite 103
Indialantic, FL 32903
Telephone: 321-473-7330
joe@tmlf.law; eservice@tmlf.law
*Attorney for Plaintiff*

within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on

Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED on MAY 22, 2026.

RACHEL M. SADOFF
As Clerk of Court

BY:
Deputy Clerk

CIRCUIT COURT CLERK BREVARD COUNTY, FLORIDA

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recido de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignacion de cette citation pour deposer une reponse acrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous estes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de pedre la cause dinsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'an-nuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**IN THE CIRCUIT COURT OF THE 18th JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA**

**DAVID TOM,**
**Plaintiff,**

**v.** **Case No.: _______________**

**PREMIUM MERCHANT FUNDING ONE, LLC,**
**Defendant.**
____________________________________/

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND STATUTORY VIOLATIONS**

COMES NOW the Plaintiff, DAVID TOM (hereinafter, "Plaintiff"), and sues Defendant, PREMIUM MERCHANT FUNDING ONE, LLC (hereinafter, "Defendant") and alleges:

# GENERAL ALLEGATIONS

1. This is an action for damages in excess of $50,000.00, exclusive of interest, attorneys' fees, and costs.
2. Plaintiff, David Tom, is a natural person residing in Brevard County, Florida.
3. Defendant, Premium Merchant Funding One, LLC, is a foreign limited liability company conducting business in Florida and may be served through its registered agent authorized to accept service in the State of Florida.
4. Venue is proper in Brevard County, Florida because the contract at issue was entered into in connection with litigation pending in Brevard County, and the acts giving rise to this cause of action occurred in Brevard County.
5. On or about April 7, 2026, Plaintiff and Defendant entered into a written Confidential Settlement Agreement and Release ("Settlement Agreement").

6. The Settlement Agreement resolved prior litigation between the parties concerning alleged violations of the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA").

7. Pursuant to Paragraph 5 of the Settlement Agreement, Defendant expressly acknowledged that Plaintiff's cellular telephone number and home telephone number were registered on the National Do Not Call Registry and further acknowledged that Plaintiff requested placement on Defendant's internal do-not-contact list.

8. The Settlement Agreement prohibited further solicitation and contact by Defendant toward Plaintiff, whether directly or through agents acting on Defendant's behalf.

9. Plaintiff fully performed all conditions precedent required under the Settlement Agreement or such conditions have otherwise occurred, been waived, or excused.

10. Despite the Settlement Agreement and Plaintiff's do-not-contact status, Defendant contacted Plaintiff for solicitation purposes after execution of the Settlement Agreement.

11. Specifically, on April 21, 2026, Defendant, through its agent Justin Wu, or a person identifying himself as Justin Wu, telephonically solicited Plaintiff via a voice call.

12. Then again, on April 22nd, 2026, the Defendant transmitted or caused to be transmitted two (2) separate solicitation text messages to Plaintiff's cellular telephone number through an agent presently unknown

13. Thereafter, on May 6, 2026, Defendant transmitted or caused to be transmitted five (5) separate solicitation text messages to Plaintiff's cellular telephone number through an agent presently unknown.

14. On May 12th, 2026, the Defendant transmitted or caused to be transmitted seven (7) text messages.

15. The communications described herein were unsolicited and made without Plaintiff's consent.

16. Defendant's conduct constitutes a material breach of the Settlement Agreement and further violates both federal and Florida law.

17. The Settlement Agreement is not attached to this complaint, because it would make a public record, and paragraph 14 of the Settlement Agreement makes the Settlement Agreement confidential. However, upon information and belief, the Plaintiff believes that the Defendant has a copy of the signed Settlement Agreement, as it's in house counsel drafted the agreement and signed it, and therefore no prejudice shall accrue to the Defendants. The Settlement Agreement may be filed separately under a Notice of Confidentiality.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff and Defendant entered into a valid and enforceable Settlement Agreement dated April 7, 2026.

17. The Settlement Agreement expressly acknowledged Plaintiff's placement on the National Do Not Call Registry and Defendant's internal do-not-contact list.

18. The purpose and intent of the Settlement Agreement was to resolve disputes concerning Defendant's solicitation communications and to prevent future solicitations to Plaintiff by the Defendant.

19. Defendant materially breached the Settlement Agreement by soliciting Plaintiff after execution of the Settlement Agreement, including:

    a. A telephone solicitation on April 21, 2026 through employee or agent Justin Wu; and

    b. Five solicitation text messages on May 6, 2026 through a currently unknown employee or agent.

20. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages, including but not limited to annoyance, invasion of privacy, loss of the benefit of the bargain, and the necessity of retaining counsel to enforce the Settlement Agreement.

21. Paragraph 7 of the Settlement Agreement provides that any breach entitles the non-breaching party to damages and injunctive relief and further provides that the prevailing party shall be awarded reasonable attorneys' fees and costs.

22. The Settlement Agreement is silent as to damages. However, both State and Federal Law on the subject clearly define statutory damages at $500.00 per violation with treble damages of $1,500.00 per willful violation.

23. A total of nine (9) violations of the Settlement Agreement have occurred.

24. The Defendant willfully violated

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, injunctive relief prohibiting further contact, attorneys' fees and costs pursuant to the Settlement Agreement, prejudgment interest, and such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. § 227

22. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

23. The TCPA prohibits telephone solicitations and text message solicitations to persons registered on the National Do Not Call Registry.

24. Plaintiff's cellular telephone number was registered on the National Do Not Call Registry at all times material hereto.

25. Defendant had actual knowledge of Plaintiff's do-not-call status, including by express acknowledgment in the Settlement Agreement.

26. On April 21st, 2026, Defendant initiated or caused to be initiated a telephone call to Plaintiff's cellular telephone number.

27. On May 6, 2026, Defendant initiated or caused to be initiated five solicitation text messages to Plaintiff's cellular telephone number.

28. The April 21st 2026 telephone call, and the May 6th, 2026 text messages constituted "telephone solicitations" within the meaning of the TCPA.

29. Defendant's actions were knowing and/or willful because Defendant previously settled litigation concerning identical conduct and expressly agreed not to contact Plaintiff further.

30. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff is entitled to recover statutory damages of $500.00 for each violation and up to $1,500.00 for each knowing or willful violation.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages of $500.00 per violation, and treble damages for willful or knowing conduct, in the amount of $1500.00 per violation, for a total of $9,000.00, injunctive relief, costs, and all further relief this Court deems proper.

## COUNT III – VIOLATION OF THE FLORIDA TELEPHONE SOLICITATION ACT

§ 501.059, FLORIDA STATUTES

30. Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

31. The FTSA prohibits telephone solicitations and text message solicitations to consumers without prior express written consent and further prohibits solicitations to persons on the Do Not Call Registry.

32. Plaintiff did not provide prior express written consent for Defendant to send solicitation text messages after execution of the Settlement Agreement.

33. On April 21st, 2026, Defendant initiated or caused to be initiated a telephone call to Plaintiff's cellular telephone number.

34. Defendant knowingly sent or caused to be sent five solicitation text messages to Plaintiff on April 22nd , 2026.

35. Defendant knowingly sent or caused to be sent five solicitation text messages to Plaintiff on May 6, 2026.

36. Defendant had actual knowledge that Plaintiff was on the National Do Not Call Registry and Defendant's internal do-not-contact list.

37. Defendant's conduct violated section 501.059, Florida Statutes.

38. Pursuant to section 501.059(10), Florida Statutes, Plaintiff is entitled to statutory damages of $500.00 per violation and up to treble damages for willful or knowing violations.

39. Pursuant to section 501.059(11)(a-d), Florida Statutes, Plaintiff is entitled to recover attorneys fees from the Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages, treble damages, injunctive relief, costs, attorneys' fees where authorized, and such further relief as this Court deems just and proper.

**COUNT IV – PRAYER FOR INJUNCTIVE RELIEF**

40. The Plaintiff realleges paragraphs 1 through 14 as though fully set forth herein.

41. The Contract, as well as F.S. § 501.059(10)(a)(1) authorizes the Court to enter injunctive relief for violations of the FTCA.

42. 47 U.S.C. § 227 also authorizes the Court to enter injunctive relief.

43. The Defendants have violated, or caused to be violated, it's own settlement agreement and both State and Federal Laws repeatedly after the settlement agreement was entered into to settle a lawsuit for prior violations.

44. It appears that without a direct and specific injunction as authorized pursuant to the Contract, State, and Federal Law, the Defendant will continue to violate said agreement, State and Federal Laws, or continue to cause said violations.

45. The problem of constant, repeated unsolicited and unwanted telephonic sales calls and and text messages in violations of applicable State and Federal Laws is a daily problem not only for the Plaintiff, but for many other Americans who own a cellular telephone.

46. The applicable State and Federal Laws were put into place to provide an avenue of relief for the Unites States Government, Florida Government, and individually aggrieved Americans when they are subjected to telephonic and text messages that are sent in violation of said laws.

47. The Plaintiff will suffer irreparable harm if the Court does not grant an injunction pursuant to the applicable State and/or Federal Laws, as he will continue to receive numerous unsolicited telephonic sales calls and text messages from the Defendants, its agents and/or subsidiaries, in violation of these very specific laws, on a weekly if not daily basis.

48. The Plaintiff has a very high likelihood of success on the merits, as this Defendant has shown repeated, documented violations of its own settlement agreement, and repeated documented violations of both State and Federal Laws directly applicable to the unsolicited telephonic sales calls and text messages. The violations and conduct of the Defendant is crystal clear.

49. No adequate remedy at law exists. Although the Plaintiff is entitled to damages under applicable laws and the settlement agreement, the Defendants own conduct demonstrates a complete lack of respect for the law and the violations will continue, as will additional litigation, if the Defendant is not enjoined.

50. Public Policy is best served with injunctive relief, as the Plaintiff is but one of undoubtedly many Floridians and Americans that are subjected to the daily, repeated violations of the Applicable State and Federal Laws. Public Policy favors actions that encourage businesses to follow these laws, and without question, these laws are being violated by the minute.

51. The hardships balance in favor of injunctive relief because the injunction, at least at this point, will not enjoin the Defendants from making unsolicited telephonic sales calls and text messages entirely. The requested injunctive relief will simply enjoin the Defendants from continually and repetitively calling people who are on the state and federal do not call lists, and from otherwise continuing the conduct complained of herein that violates applicable laws and thus constitute illegal activity.

52. The Court can and should enjoin the Defendants from further contacting the Plaintiff in violation of the aforementioned applicable laws.

WHEREFORE the Plaintiff, DAVID TOM, respectfully demands that the Court enter injunctive relief which enjoins the Defendant, its agents, employees and/or subsidiaries from further contacting the Plaintiff in violation of all applicable State and Federal Laws, and any and all other such relief.

53. The Plaintiff hereby reserves the right to amend this complaint for class action certification as discovery continues and further facts and further victims are in fact discovered.

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing has been electronically filed with the Clerk of Court via E-Filing Portal on this 15th day of May 2026.

**THE MITCHELL LAW FIRM, P.A.**
Attorney for Plaintiff
134 5th Avenue, Suite 103
Indialantic, FL 32903
321-473-7330

***/s/ Joe Mitchell III***
Joe M. Mitchell, III
Attorney at Law
Fla. Bar No.: 0047491
Primary e-mail: joe@tmlf.law
Electronic Service to: eservice@tmlf.law

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

**IN THE CIRCUIT COURT OF THE 18th JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA**

**CASE NO.: 05-2026-CA-**

**DAVID TOM,**

**Plaintiff,**

**v.**

**PREMIUM MERCHANT FUNDING ONE, LLC,**

**Defendant.**

______________________________/

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ **XXX** Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil

☐ Real property/Mortgage foreclosure

☐ Replevins

☐ Evictions

- ☐ Residential Evictions
- ☐ Non-residential Evictions

☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):

☒ Monetary;

☐ Nonmonetary declaratory or injunctive relief;

☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ 4 ]

(Specify) 4 Causes of Action: Count I Breach of Contract; Count II – Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227); Count III – Violation of the Florida Telephone Solicitation Act (§ 501.059, Florida Statutes); and Count IV – Prayer For Injunctive Relief

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**

☒ yes

☐ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ no

☐ yes If "yes," list all related cases by name, case number, and court.

<u>none</u>

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ yes

☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**

☐ yes

☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: ***s/ Joe M Mitchell, III*** Fla. Bar # 0047491
Attorney or party (Bar # if attorney)

Joe M Mitchell III, Esq. Date: 5/19/2026
(type or print name)

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR (BREVARD/SEMINOLE) COUNTY, FLORIDA

**DAVID TOM**
Plaintiff,
v.
**PREMIUM MERCHANT FUNDING ONE, LLC,**
Defendant. /

Case No ______________________

## CIVIL CASE MANAGEMENT TRACK DESIGNATION FORM

I. **Case Track Assignment** (track must be selected with a "check mark" or "X"): Case disposition times for all case tracks have been established in accordance with Rule 2.250(a)(1)(B), *Florida Rules of General Practice and Judicial Administration.*

______ **Streamlined Track**: Case to be resolved within 12 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). *"Streamlined"* cases should have few parties and witnesses, few anticipated pretrial motions, minimal discovery, and document production.

__X__ **General Track**: Case resolved within 18 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). "*General*" cases are all other actions that do not meet the criteria for streamlined or complex.

______ **Complex Track**: Case to be resolved within 30 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). The Court will issue an initial General Track Case Management Order, and thereafter parties shall comply with *Fla.R.Civ.P.* 1.201(a) by filing an appropriate motion to declare the case complex and serving such motion to the assigned judge.

II. **Trial Information**

- **Identification of Jury or Non-Jury Trial**: __X__ **Jury Trial**; ____ **Non-Jury Trial.**
- **Estimated Length of Trial** (specify the number of trial days): __2__________.

**I CERTIFY** that the information I have provided above is accurate to the best of my knowledge and belief, and that I have read and will comply with the Court's current Administrative Order on Case Management.

Signature: **/s/ Joe M. Mitchell, III** Fla. Bar #(if attorney) 0047491
Attorney or party

Printed Name: Joe M. Mitchell, III, Esq. Date: 5/19/2026